IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRYON B. NEVIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-CV-04228-NKL |
| | ) |
| JULIE TOMLINSON, INTERNAL | ) |
| REVENUE SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are Defendants Julie Tomlinson and the Internal Revenue Service ("IRS")'s motion to dismiss and/or deny petition to quash IRS summons, [Doc. # 24], as well as numerous motions filed by pro se Plaintiff Bryon Nevius, [Docs. ## 16, 17, 19, 34, 35]. For the reasons set forth below, Defendants' motion is GRANTED, Nevius' petition to quash IRS summons, [Doc. # 1], is DENIED, and Nevius' motions are DENIED. It is further ORDERED that this case is DISMISSED, with prejudice.

I. **Background**

Tomlinson is a duly commissioned IRS Special Agent conducting an investigation into Nevius' federal income tax liabilities for the period of January 2006 to present. On October 18, 2013, Tomlinson issued an administrative summons to PNC Bank,

1

requesting information pertaining to Nevius. Nevius was served with notice of this summons that same date.

On November 6, 2013, Nevius initiated the present action. Nevius' Complaint seeks to quash the October 18, 2013 summons, as well as eighteen past summonses and any future summons that might issue, and requests the destruction of any documents provided in response to the prior summonses. Nevius' Complaint also asserts a claim for damages against Tomlinson, requests a bill of particulars "documenting probable cause on the part of the IRS to proceed with further discovery relating to any imputed federal tax liability," and seeks a writ of mandamus compelling the IRS to cease all efforts related to investigating or collecting Nevius' federal income tax liabilities and to produce facts and evidence showing that Nevius has a legal duty to pay taxes.

## II. Discussion

### A. The Court Retains Jurisdiction Notwithstanding Nevius' Appeal

As a threshold matter, the Court must clarify its current jurisdiction in light of Nevius' pending appeal from the Court's order granting Defendants' motion for extension of time to file a responsive pleading. [Doc. # 18]. Although this appeal has been dismissed by the Eighth Circuit for lack of jurisdiction, [Docs. ## 31, 33], the deadline for filing a petition for rehearing has not yet expired and the mandate has not been issued by the Court of Appeals. Generally, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal until the mandate is issued and received. *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006). However, "[t]his jurisdictional principle is not absolute. To prevent

parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999); *see also Waterson v. Hall*, 515 F.3d 852, 855 (8th Cir. 2008).

In this case, Nevius' appeal plainly concerns a non-appealable order. As this Court previously explained, Defendants' motion for extension of time was "granted solely to permit them to prepare a responsive pleading," and did not in any manner implicate the merits of this case. [Doc. # 13]. This type of routine extension of a deadline is not appealable, *see, e.g.*, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009) ("Ordinarily, courts of appeals have jurisdiction only over 'final decisions' of district courts." (citing 28 U.S.C. § 1291)), as further evidenced by the Eighth Circuit's dismissal of the appeal for lack of jurisdiction. Accordingly, the Court retains jurisdiction to rule the pending motions notwithstanding Nevius' appeal.

### B. Petition to Quash IRS Summonses

The IRS is generally authorized to issue summonses as needed to investigate potential federal income tax liabilities, and the district courts are duly authorized to enforce them. *See* 26 U.S.C. §§ 7402, 7602, 7604; *United States v. Powell*, 379 U.S. 48, 52 (1964); *United States v. Montagne*, No. CIV. 12-MC-11 PJS, 2012 WL 1429253, at *2 (D. Minn. Apr. 10, 2012) ("[I]t is settled law that the United States District Courts have jurisdiction to enforce an IRS summons."), *report and recommendation adopted*, 2012 WL 1431487 (D. Minn. Apr. 25, 2012). Where the enforcement of an IRS summons is challenged, the IRS bears the initial burden of showing:

3

> [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to that purpose, [3] that the information sought is not already within the [IRS]'s possession, and [4] that the administrative steps required by the Code have been followed . . . .

*Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004) (quoting *Powell*, 379 U.S. at 57-58). If this prima facie showing is made, "the challenger is afforded the opportunity to rebut the IRS showing as to one or more of the requirements or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process." *Id.* (quotation omitted).

The burden on the IRS with respect to the initial showing "is slight," *id.*, in that it requires only "a minimal showing of good faith compliance with summons requirements," that may "be demonstrated by the affidavit of the IRS agent," *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005). By contrast, "[t]he burden of proof on the taxpayer necessary to overcome a prima facie showing of proper purpose is a heavy one, . . . because only substantial countervailing policies or express statutory prohibition should stand in the way of effective performance of congressionally imposed responsibilities to enforce the tax Code." *Id.* at 893 (quotations omitted).

To satisfy its initial burden, the IRS in this case has submitted the affidavit of IRS Special Agent Tomlinson, which establishes each of the four *Powell* factors and is sufficient to satisfy the minimal showing of good faith required of the IRS. *See* [Doc. # 25-1]; *Norwood*, 420 F.3d at 892. In response, Nevius argues that Defendants' filings should be stricken, apparently on the ground that the U.S. Attorney, which represents both the IRS and Tomlinson in this case, is an improper, intervening party because the

4

IRS is not a government agency that may be represented by the U.S. Attorney.[1]  This argument, whether asserted as grounds for striking Defendants' filings or quashing the summonses at issue, is plainly without merit.  *See, e.g.*, *Issa v. C.I.R.*, 392 F. App'x 500 (8th Cir. 2010) ("[W]e reject as frivolous Issa's assertion that the IRS is not a government agency."); *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States."); *Montagne*, 2012 WL 1429253, at *2; *McNeil v. United States*, 78 Fed. Cl. 211, 220-21 (Fed. Cl. 2007) ("[T]he IRS is an agency of the United States government."), *aff'd*, 293 F. App'x 758 (Fed. Cir. 2008); *Edwards v. C.I.R.*, 84 T.C.M. (CCH) 24 (T.C. 2002) (considering the same arguments and authorities presented by Nevius, rejecting them as "tax protestor gibberish," collecting cases, and holding, "[T]he statutory authority of the Commissioner and the Internal Revenue Service is indisputable.  The Courts have repeatedly held that the Internal Revenue Service is an authorized agency of the United States and rejected as frivolous arguments to the contrary.").

Nevius alternatively claims that the IRS is without authority to enforce any summons issued to assess his tax liabilities because he "is not a 'citizen of the United States,' " [Doc. # 29 at 5], but rather "a 'non-citizen American National of Missouri,' which is a 'foreign state.' "  [Doc. # 1 at 4].  This argument, in each of the various forms presented by Nevius, is also without merit.  *See, e.g.*, *United States v. Cooper*, 170 F.3d

---

[1] Nevius also references the Court's authority to strike any "scandalous matter," but fails to identify any offensive material in Defendants' motion or briefs in support.  A review of these materials shows that they consist entirely of proper, legal argument and recitations of essential facts.  Accordingly, there is no basis for striking any portion of Defendants' filings due to offensive content.

691, 691 (7th Cir. 1999); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation."); *Wnuck v. C.I.R.*, 136 T.C. 498, 506-07 (T.C. 2011); *McNeil*, 78 Fed. Cl. at 217-18.

Nevius also suggests that an IRS summons issued without probable cause or a warrant violates the Fourth Amendment. However, it is well-settled that an IRS summons of the type at issue in this case does not implicate the individual's Fourth Amendment rights, *United States v. Miller*, 425 U.S. 435, 443-44 (1976), and the IRS "need not meet any standard of probable cause to obtain enforcement of [a] summons, *Powell*, 379 U.S. at 57 (1964).

Finally, the remaining arguments in Nevius' petition to quash, for instance that this Court and the IRS lack jurisdiction to enforce the revenue laws outside of the District of Columbia and other federal enclaves, consist of nothing more than tired, tax protestor rhetoric that has been consistently rejected for reasons that have been clearly and repeatedly articulated and thus merit no recitation here. *See, e.g.*, *Jacobsen v. C.I.R.*, No. 13-9002, 2014 WL 26460, at *3 n.1 (10th Cir. Jan. 3, 2014); *Cooper*, 170 F.3d at 691 (addressing arguments identical to those advanced by Nevius and holding, "These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared."); *Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments

have some colorable merit."); *Wnuck*, 136 T.C. at 504 ("[I]t is doubtful whether tax jurisprudence will be much advanced by issuing yet another opinion affirming the obvious truisms about tax law and refuting Mr. Wnuck's already soundly refuted contentions."); *In re Hale*, 196 B.R. 122, 122-23 (Bankr. E.D. Ark. 1996) ("This legalistic gibberish has been so repeatedly and soundly dismissed that the courts no longer analyze each issue, unless imposing sanctions for filing such frivolous babble."); *see also United States v. Wankel*, 475 F. App'x 273, 276 (10th Cir. 2012); *Sanderson v. C.I.R.*, 231 F. App'x 534, 535 (8th Cir. 2007); *Montagne*, 2012 WL 1429253, at *3.

As Nevius has presented no other basis for quashing any IRS summons, his request to quash the October 18, 2013 summons, eighteen unspecified prior summonses, and any future summons that might issue must be denied.

### C. Nevius' Additional Claims

Nevius' additional claims are all premised on the deficient legal theories addressed above, and thus necessarily fail to state a claim upon which relief can be granted. Furthermore, Nevius has failed to plead a cognizable waiver of sovereign immunity, such that this Court lacks subject matter jurisdiction over his claim for damages. *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980). As demonstrated above, Nevius' claim that the IRS is not a government agency is entirely without merit. In addition, although Nevius purports to sue Tomlinson in her individual capacity, all of his allegations against Tomlinson pertain to her efforts to investigate his potential federal income tax liabilities, which clearly fall within her official duties as a revenue agent. A suit against the IRS, or against a revenue officer for actions taken in her official capacity,

7

is effectively a suit against the United States. *E.g.*, *Coolman v. U.S. I.R.S.*, 117 F. Supp. 2d 943, 948 (D. Neb. 2000), *aff'd*, *Coolman v. United States*, 242 F.3d 374 (8th Cir. 2000). As a result, neither the IRS nor Tomlinson are proper parties to this case, and Nevius' claims against the United States, the proper defendant, are barred by sovereign immunity. Furthermore, to the extent that Nevius' claim against Tomlinson could be construed as a *Bivens*[2] claim, it fails as a matter of law. *See Vennes v. An Unknown No. of Unidentified Agents of U.S.*, 26 F.3d 1448, 1453-54 (8th Cir. 1994) (holding that a *Bivens* action cannot be brought against IRS agents for tax assessment and collection activities); *Braun v. I.R.S.*, No. CIV.05-932-ADM/AJB, 2005 WL 2203169, at *3-4 (D. Minn. Sept. 9, 2005) ("The Eighth Circuit has found that the Internal Revenue Code is the sole remedy for allegations of misconduct by IRS employees with respect to tax collection and assessment.").

Finally, Nevius' request for a writ of mandamus compelling the IRS to cease all attempts at assessing his tax liabilities is effectively a claim for injunctive relief and, consequently, is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. *See Transp. Mfg. & Equip. Co. of Del. v. Trainor*, 382 F.2d 793, 797-98 (8th Cir. 1967). To the extent that this claim requests an order directing the IRS to evidence Nevius' legal duty to pay taxes, Nevius has failed to plead a plausible claim upon which this relief could be granted. *See Castillo v. Ridge*, 445 F.3d 1057, 106061 (8th Cir. 2006).

**III. Conclusion**

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

For the reasons set forth above, Defendants' motion to dismiss and/or deny petition to quash, [Doc. # 24], is GRANTED, Nevius' petition to quash, [Doc. # 1], is DENIED, and Nevius' motions for default judgment as to the IRS, Tomlinson, and the Doe defendants, [Docs. ## 16, 17, 19], declaratory judgment, [Doc. # 34], and an order determining the authority of Tomlinson, [35], are DENIED. It is further ORDERED that this case is hereby DISMISSED, with prejudice.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: April 24, 2014
Jefferson City, Missouri