IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| BRYON B. NEVIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-CV-04228-NKL |
| | ) | |
| JULIE TOMLINSON, INTERNAL | ) | |
| REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court are Plaintiff Bryon Nevius' motions to vacate this Court's Order dismissing this case with prejudice, [Doc. # 41], motion for findings of fact and conclusions of law, [Doc. # 42], motion to strike Defendants Julie Tomlinson and the Internal Revenue Service's brief in opposition to the latter two motions, [Doc. # 44], and motion for a more definite statement, [Doc. # 47].

Plaintiff's motion for a more definite statement is brought under Federal Rule of Civil Procedure 12(e), which provides, "A party may move for a more definite statement of *a pleading* to which a responsive pleading is allowed." (emphasis added). Pursuant to Rule 7(a), pleadings are limited to the complaint, answer to the complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, and any court-ordered reply to an answer. *See also* Black's Law Dictionary (9th ed. 2009) (defining a "pleading" as "[a] formal document in which a party to a legal

proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses," typically meaning, in civil cases, "the plaintiff's complaint and the defendant's answer."). Plaintiff's motion for a more definite statement is not directed at a pleading or even a motion, but rather Defendants' brief in opposition to motions filed by Plaintiff. Consequently, although the Court will consider the arguments in Plaintiff's motion for a more definite statement as though this document was filed as a reply brief, there is no basis for granting the relief requested by this motion.

Plaintiff's motion to strike is brought under Rule 12(f), which provides that a court may "strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Once again, this motion is not directed at a pleading, but rather Defendants' brief in opposition to Plaintiff's motions. Furthermore, Plaintiff's motion to strike does not even attempt to identify any redundant, immaterial, impertinent, or scandalous matter in Defendants' brief, except to the extent that Plaintiff apparently considers any arguments contrary to his position to be scandalous. Accordingly, there is no basis for granting the relief requested in this motion, though the Court again will consider Plaintiff's arguments as though this motion was filed as a reply brief.

Plaintiff's motion for judicial findings of fact and conclusions of law is brought under Rule 52(1), which states, "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." However, this case was never tried on the facts, but rather was dismissed on Defendants' motion under Rule 12. Rule 52(3) specifically provides, "The court is not

2

required to state findings or conclusions when ruling on a motion under Rule 12."
Accordingly, Plaintiff is not entitled to the relief sought by this motion.

Plaintiff's motion to vacate is brought under Rule 60(b)(4), which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding," where "the judgment is void."

> A void judgment is a legal nullity. . . . [A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . . The list of such infirmities is exceedingly short; . . . A judgment is not void, for example, simply because it is or may have been erroneous. . . . Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (citations and quotations omitted).

Plaintiff's motion to vacate makes no attempt to identify any jurisdictional error or violation of due process that might render the Court's prior Order void. Instead, Plaintiff simply attempts to relitigate the merits of this case. Furthermore, Plaintiff's motion to vacate, as well as the substantive portions of the motions discussed above, simply rehashes the tired, tax protestor arguments that this Court considered and rejected in its Order dismissing this case. Specifically, Plaintiff continues to assert that Special Agent Tomlinson has offered no proof that she works for the IRS, despite her sworn affidavit and the papers submitted on her behalf, signed by the United States Attorney in accord with Rule 11, which establish that she is, in fact, who she claims to be. Plaintiff also continues to assert that the IRS is a "fictitious entity," is not an agency of the United

3

States federal government, and has no authority to collect or assess his income tax liabilities. These arguments are without merit, for the reasons set forth in the Court's prior Order. *See* [Doc. # 39]. Accordingly, Plaintiff's motion to vacate under Rule 60(b)(4) is without merit..

For the foregoing reasons, Plaintiff's motion to vacate, [Doc. # 41], motion for findings of fact and conclusions of law, [Doc. # 42], motion to strike, [Doc. # 44], and motion for a more definite statement, [Doc. # 47], are DENIED.

/s Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 7, 2014  
Jefferson City, Missouri